IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ARNOLD W. LEVI,

    Plaintiff,                      No. CIV S-02-910 LKK KJM P

    vs.

DIRECTOR OF CORRECTIONS, et al.,

    Defendants.               ORDER

/

        Plaintiff is a prisoner proceeding pro se with a civil rights action under 42 U.S.C. § 1983. On January 26, 2005, the court filed an order resolving earlier discovery disputes and extended the discovery cut off date. Plaintiff and defendant Vong have both filed new motions to compel discovery and plaintiff has filed a motion for the appointment of counsel.

        Plaintiff's third amended complaint alleges, among other things, that defendant Vong, then employed as a prison doctor, failed to provide adequate medical care for plaintiff and ordered an HIV test for plaintiff without securing his consent   Third Amended Complaint (3d Am. Compl.) ¶ 14.

/////

/////

/////

1

A. <u>Plaintiff's February 28, 2005 Further Motion To Compel Discovery From Defendant Peterson</u>

In the order of January 26, 2005, the court directed defendant Peterson to provide further answers to requests five through eight of plaintiff's first set of requests for admissions and interrogatories five through eight. Plaintiff argues that defendant Peterson's supplemental responses, which he attaches to his motion, are inadequate and based on lies.

Peterson responds that he has provided answers and that plaintiff's dissatisfaction with them is not an appropriate ground for a motion to compel.

Defendant Peterson has supplemented his responses to the interrogatories and requests for admissions in compliance with the court's order of January 26, 2005. Plaintiff's dissatisfaction with the answers is not a sufficient reason to compel further discovery. <u>Usery v. Brandel</u>, 87 F.R.D. 670, 685 (W.D. Mich. 1980).

B. <u>Plaintiff's February 28, 2005 Motion To Compel Discovery From Defendants Hooper, Coney, Pereira, Gold, Featherly, and Branich</u>

Counsel for the defendants identified immediately above returned plaintiff's latest group of discovery requests to plaintiff based on her interpretation of the court's order of January 26, 2005, which extended the discovery cut-off to March 22, 2005. Plaintiff's counsel relies as well on the court's general scheduling order, issued October 1, 2004, providing that all discovery requests are to be served sixty days before the discovery cutoff. Plaintiff claims not only that plaintiff's counsel's interpretation is unreasonable, but also that he had practical difficulties meeting any deadlines after his transfer to another prison, which separated him from his legal materials for a period of time.

The court's most recent extension of the discovery cut-off date did not change the requirement of the scheduling order that all requests for discovery be served sixty days before the cut-off. Because plaintiff did not timely serve the requests at issue here, there is no discovery to compel under Federal Rule of Civil Procedure 37.

/////

C.  <u>Defendant Vong's Motion To Compel Discovery</u>

Defendant Vong challenges plaintiff's failure to answer interrogatories nine, ten, twelve, and fifteen.  Number nine asks for "specific information" about each conversation plaintiff had with defendant Vong; number ten asks for information supporting his claim for monetary damages; number twelve asks for information supporting any claim of injury from Vong's alleged failure to treat plaintiff's Hepatitis C; and number fifteen seeks information about plaintiff's criminal record.  Defendant Vong seeks monetary sanctions based on plaintiff's purported failure to respond adequately.

Plaintiff argues he responded to the best of his understanding without any intent to evade.  He also argues that information about his criminal record is available to defendant's counsel and he provided additional information during his deposition.

Plaintiff is under a duty to respond to interrogatories with all information under his custody and control.  <u>Fresenius Medical Care Holding Inc. v. Baxter Intern., Inc.</u>, 224 F.R.D. 644, 651 (N.D. Cal. 2004).  Although plaintiff protests that he provided what he understood to be responsive, it does not appear that his answers are complete.  For example, in interrogatory nine, defendant Vong asked for specifics as to each conversation plaintiff had with Vong.  In response, plaintiff refers defendant to his response to interrogatory one, in which he describes a single conversation and suggests the gist of each conversation was the same.  Vong Motion, Exs. B & E.  This is insufficient, for under the federal rules, a party may inquire "into the facts underlying his opponent's case. . . [t]o that end, either party may compel the other to disgorge whatever facts he has in his possession."  <u>Hickman v. Taylor</u>, 329 U.S. 495, 507 (1947).

In interrogatory ten, defendant Vong asked plaintiff to provide facts, witnesses and documents supporting his claim for damages.  Plaintiff's answer in his supplemental response—that damages will be fixed by the jury—is insufficient, for "defendant cannot respond to plaintiff's damage claims if the basis of those claims is unknown."  <u>Dipietro v. Jefferson Bank</u>, 144 F.R.D. 279, 280 (E.D. Pa. 1992).

In interrogatory twelve, defendant Vong asked plaintiff to describe the injuries he has suffered as the result of Vong's purported improper treatment; in response, plaintiff refers to "records provided," evidently including a paper from the Centers for Disease Control about hepatitis C and notes that a lack of treatment can lead to liver disease and death. This, too, is insufficient, for it does not address plaintiff's specific injuries, if any. Hickman v. Taylor, 329 U.S. at 507.

Finally, in interrogatory fifteen, defendant Vong seeks particulars of plaintiff's criminal record, which plaintiff flatly has refused to provide as "irrelevant." Plaintiff's response is unacceptable, for

> [p]rior convictions are admissible under Fed.R.Evid. 609 to impeach any witness, including plaintiffs testifying on their own behalf. Discovery of the plaintiffs' probation records is therefore reasonably calculated to uncover admissible evidence. Objections to the tendency of this evidence to prejudice or confuse the jury are properly brought at trial, not during discovery.

Schuurman v. Town of North Reading, 139 F.R.D. 276, 277 (D. Mass. 1991) (ending citations omitted).

Defendant Vong has asked for attorney's fees as a sanction for plaintiff's failure to respond adequately to the interrogatories. Sanctions are available under Federal Rule of Civil Procedure 37(a)(4); the determination of whether they are appropriate is within the court's discretion. Paladin Associates, Inc. v. Montana Power Co., 328 F.3d 1145, 1164-65 (9th Cir. 2003). While the court is concerned by plaintiff's adamant refusal to provide the details of his record, it weighs this concern against plaintiff's status as a pro se litigant and his limited access to the law library. Accordingly, the court does not find sanctions warranted at this juncture. Plaintiff is cautioned, however, that any failure to comply with the instant order may result in the imposition in sanctions, including monetary sanctions or other sanctions at the disposal of the court.

////

4

D. <u>Plaintiff's Motion For The Appointment Of Counsel</u>

An inmate proceeding <u>pro se</u> must expect to encounter difficulties in litigating his case, stemming both from his status as a lay person and from the limitations on such things as law library time and supplies. The court is mindful of these difficulties inherent in plaintiff's position, but notes that his situation is not significantly different from other inmates pursuing cases in this and other courts. Moreover, even under his present circumstances, the dockket reflects that plaintiff has been able to litigate his case relatively vigorously. Accordingly, the court declines to seek the assistance of counsel for plaintiff at this time. <u>Terrell v. Brewer</u>, 935 F.2d 1015, 1017 (9th Cir. 1991); <u>Wood v. Housewright</u>, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

Accordingly, IT IS ORDERED that:

1. Plaintiff's February 28, 2005 motion to compel further discovery from defendant Peterson is denied.

2. Plaintiff's February 28, 2005 motion to compel further discovery from Defendants Hooper, Coney, Pereira, Gold, Featherly, and Branich is denied.

3. Defendant Vong's March 7, 2005 motion to compel discovery is granted; plaintiff must provide supplemental responses to interrogatories nine, ten, twelve and fifteen within twenty days of the date of this order.

4. Plaintiff's March 14, 2005 motion for the appointment of counsel is denied.

DATED:  May 16, 2005.

_____
UNITED STATES MAGISTRATE JUDGE

2
levi0910.dsc