IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ARNOLD W. LEVI,

      Plaintiff,                    No. CIV S-02-0910 LKK KJM P

    vs.

DIRECTOR OF CORRECTIONS, et al.,

      Defendants.           ORDER

_____/

        Plaintiff is a prisoner proceeding pro se with a civil rights action under 42 U.S.C. § 1983. Several motions are before the court.

I. <u>Plaintiff's April 25, 2005 Motion To Compel Discovery</u>

        In an order filed May 13, 2005, the court directed defendant Vong to address plaintiff's April 25, 2005 contention that Vong had a continuing duty to respond to plaintiff's discovery requests when he obtained particular records

        On May 20, 2005, defendant Vong filed his response, noting that he had served supplemental discovery responses and providing copies of the supplemental responses. He argues that no further responses are necessary to plaintiff's requests because the additional materials defendant Vong obtained in discovery do not change his responses to questions posed in the requests for admissions and interrogatories.

Defendant Vong's supplemental responses, read in the context of the representations made in his filings of May 20th, fulfill his continuing duty to supplement discovery, even after discovery is closed. Gaytan v. Kapus, 181 F.R.D. 573, 579 (N.D. Ill. 1998).

Plaintiff's motion itself was filed on April 25, 2005, beyond the extended discovery cut-off date of March 22, 2005. It is untimely and will be denied as such.

II. Plaintiff's and Defendants' Respective Motions For Judicial Intervention and for Sanctions

On May 6 and June 22, 2005, plaintiff filed requests for orders directing California State Prison-Corcoran (Corcoran) to lift restrictions on his access to the law library, his ability to make copies, and his access to manila envelopes in which to mail the documents to counsel for defendant Vong and counsel for the remaining defendants.

The court will direct Maria Chan, counsel for those defendants affiliated with the Department of Corrections, to report on the extent of and the reason for the restrictions on plaintiff's access to the court within twenty days of the date of this order. Counsel's response may be by letter and will aid the court in resolving plaintiff's motions and defendant Vong's June 14, 2005 motion for sanctions. Within ten days of receiving counsel Chan's letter, plaintiff may send an informal response, also by letter. Plaintiff will not be required to file a second copy of the letter or to serve defendants, as they will receive notice of his response through the court's electronic filing system. In his letter, plaintiff should address why he could not provide the single copy of the answers to the interrogatories to defendant Vong as required by the court's order of May 17, 2005.

/////
/////
/////
/////
/////

        Accordingly, IT IS ORDERED

        1. Plaintiff's April 25, 2005 motion to compel discovery is denied as untimely;

        2. Within twenty days of the date of this order, counsel Chan is requested to file a letter concisely addressing the extent of any restrictions imposed on plaintiff's access to the courts; and

        3. Within ten days of receiving Ms. Chan's letter, plaintiff may file a letter containing a concise response, in which he also concisely responds to defendants' June 14, 2005 motion for sanctions.

DATED: August 15, 2005.

_____
UNITED STATES MAGISTRATE JUDGE

2/levi0910.san