IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ARNOLD W. LEVI,

        Plaintiff,                No. CIV S-02-0910 LKK KJM P

    vs.

DIRECTOR OF CORRECTIONS, et al,

        Defendants.            <u>ORDER</u>

_____/

        Plaintiff is a prisoner proceeding pro se with a civil rights action under 42 U.S.C. § 1983.

        On May 6 and June 22, 2005, plaintiff filed requests for orders lifting restrictions imposed on his access to the prison law library. On June 14, 2005 defendant Vong filed a motion for sanctions for plaintiff's failure to comply with the court's order of May 17, 2005, directing plaintiff to serve supplemental responses to defendant Vong's Special Interrogatories.

        On August 16, 2005, the court asked Maria Chan, counsel for the correctional defendants, to report on any restrictions on plaintiff's access to the court. On September 6, 2005, counsel filed a letter, noting that plaintiff had been assessed thirty days of law library privileges (May 23 through June 22, 2005), among other things, after he was found guilty of a rules violation stemming from his behavior in the law library. Counsel noted that plaintiff was

1  allowed to "page" books for use in his cell; she also noted that indigent inmates are given two
2  envelopes a week for mailing legal documents. Finally, counsel reported she had advised
3  officials at California State Prison at Corcoran of plaintiff's need to have additional copies and
4  envelopes to serve documents on counsel for defendant Vong. The court thanks Ms. Chan for
5  contacting the prison and providing this information to the court. In light of Ms. Chan's report,
6  the court declines to intervene further as requested by plaintiff.

7          On September 19, 2005, plaintiff filed a letter responding to the court's order to
8  provide information explaining why he was unable to provide answers to interrogatories to
9  defendant Vong. In his letter, plaintiff takes issue with the hearing on the rules violation report
10  leading to his temporary loss of privileges, the availability of materials in the Corcoran library,
11  the training of the law librarian, and the prison's interpretation of CDC's policy of providing
12  copies, paper and envelopes to inmates. He claims prison officials lied to Ms. Chan about his
13  access to "paged" materials and asserts he was denied complete access to the courts from April
14  20 through June 29, 2005, except when he was able to borrow paper and envelopes from other
15  inmates. Letter of Arnold Levi (Levi Letter) at 4. Finally, he asserts that when the restrictions
16  were lifted on June 29, he drafted responses to the special interrogatories and then mailed them
17  to defendant Vong on July 7, 2005.

18          On September 21, 2005, defendant Vong responded to plaintiff's letter, arguing
19  that the restrictions on the number of copies and envelopes did not prevent plaintiff from
20  preparing and serving answers to the interrogatories, because there was no need for additional
21  copies for service. This prompted a sur-reply from plaintiff, who claimed he had no paper or
22  envelopes between April 20, 2005 and July 7, 2005. The court notes that plaintiff filed a motion
23  on May 6, using paper in his possession and a borrowed envelope. In addition, plaintiff filed a
24  two page notice and request with the court on June 22, 2005; while plaintiff complains of his
25  inability to receive copies, in this filing he is silent about his paper supply.
26  /////

It appears plaintiff was not wholly without resources with which to answer the interrogatories, but also that he was limited in his ability to obtain copies. It also appears that he has complied with the court's order of May 22, although belatedly so.

A court has discretion to impose sanctions on a party who refuses to comply with a discovery order, even when that refusal is negligent. Marquis v. Chrysler Corp., 577 F.2d 624, 642 (9th Cir. 1978). Any such sanction must "just" and related to the "claim" upon which discovery was sought. Insurance Corp. Of Ireland, Ltd. v. Campagnie des Bauxite de Guinee, 456 U.S. 694, 707-09 (1982); Fed. R. Civ. P. 37(b)(2). Plaintiff is an indigent inmate, with little if any income. See Levi v. Rosario, Civ. No. S-04-2423 (order of 8/4/2005 finding plaintiff had been without funds for the preceding six months). Assessing defendant Vong's attorney's fees against plaintiff would not only be futile; in light of plaintiff's ultimate compliance and a lack of showing of any prejudice to defendants given the delay in compliance, awarding fees would be unjust.

The court also declines to enter an order finding the matters about which discovery was sought to be established. Fed. R. Civ. Pro. 37(b)(2)(A). It appears that defendant Vong has received the answers to the interrogatories he propounded in time to use them in connection with the pending motions for summary judgment. Should the case proceed to trial, however, defendant Vong may renew his request in his pretrial statement or in a properly filed motion in limine.

/////
/////
/////
/////
/////
/////
/////.

Accordingly, IT IS ORDERED that:

1. Defendant Vong's June 14, 2005 motion for sanctions is denied without prejudice, as outlined above.

2. Plaintiff's May 6, 2005 motion for intervention and June 22, 2005 request for judicial notice are denied.

DATED: October 30, 2005.

UNITED STATES MAGISTRATE JUDGE

2
levi0910.san