IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ARNOLD W. LEVI,

      Plaintiff,                No. CIV S-02-910 LKK KJM P

    vs.

DIRECTOR OF CORRECTIONS, et al.,

      Defendants.           FINDINGS AND RECOMMENDATIONS

/

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983.

        On May 27, 2003, the court advised plaintiff of the requirements for opposing a motion pursuant to Rule 56 of the Federal Rules of Civil Procedure. See Rand v. Rowland, 154 F.3d 952, 957 (9th Cir. 1998) (en banc), cert. denied, 527 U.S. 1035 (1999); Klingele v. Eikenberry, 849 F.2d 409, 411-12 (9th Cir. 1988). In that same order, plaintiff was advised that failure to oppose a summary judgment motion might be deemed a waiver of opposition to the motion.

        On April 3 and April 28, 2006, defendants filed renewed motions for summary judgment. The court had denied defendants' earlier motions for summary judgment without prejudice in order to give plaintiff time to reassemble his legal materials, which he averred had

been scrambled during several transfers, hampering his ability to oppose the earlier motions for summary judgment.

On April 27, 2006, plaintiff filed a motion to strike defendant Vong's renewed motion for summary judgment. The court denied this motion on May 2, 2006 and gave plaintiff sixty days in which to file his opposition to the pending motions.

On January 9, 2007, plaintiff was ordered to file an opposition or a statement of non-opposition to the pending motion within fifteen days. In the same order, plaintiff was informed that failure to file an opposition would result in a recommendation that this action be dismissed pursuant to Fed. R. Civ. P. 41(b). The fifteen day period has now expired and plaintiff has not responded to the court's order.

"Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court." Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir.), cert. denied, 506 U.S. 915 (1992). "In determining whether to dismiss a case for failure to comply with a court order the district court must weigh five factors including: '(1) the public's interest in expeditious resolution of litigation;  (2) the court's need to manage its docket;  (3) the risk of prejudice to the defendants;  (4) the public policy favoring disposition of cases on their merits;  and (5) the availability of less drastic alternatives.'" Id. at 1260-61 (quoting Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986)); see also Ghazali v. Moran, 46 F.3d 52 (9th Cir. 1995).

In determining to recommend that this action be dismissed, the court has considered the five factors set forth in Ferdik. Here, as in Ferdik, the first two factors strongly support dismissal of this action. The action has been pending for almost five years and has twice reached the dispositive motion stage, first set by the court's scheduling order of October 1, 2004 and then by the order of March 31, 2006. (See Scheduling Order, filed 10/1/04 & Order filed 3/31/06.) Plaintiff's failure to comply with the Local Rules and the court's January 9, 2007 order,  even after receiving several lengthy extensions of time in which to file his opposition,

suggests that he has abandoned this action and that further time spent by the court thereon will consume scarce judicial resources in addressing litigation plaintiff demonstrates no intention of pursuing.

The fifth factor also favors dismissal. The court has advised plaintiff of the requirements under the Local Rules and granted ample additional time to oppose the pending motions, all to no avail. The court finds no suitable alternative to dismissal of this action.

Under the circumstances of this case, the third factor, prejudice to defendants from plaintiff's failure to oppose the motion, should be given modest weight. Plaintiff's failure to oppose the motion does not put defendants at any significant disadvantage in this action, given that their motion is fully briefed. See Ferdik, 963 F.2d at 1262. Indeed, defendants would only be "disadvantaged" by a decision by the court to continue an action plaintiff has abandoned. The fourth factor, the public policy favoring disposition of cases on their merits, weighs against dismissal of this action as a sanction. However, for the reasons set forth above, the first, second, and fifth factors strongly support dismissal and the third factor does not mitigate against it. Under the circumstances of this case, those factors outweigh the general public policy favoring disposition of cases on their merits. Id. at 1263.

For the foregoing reasons, IT IS HEREBY RECOMMENDED that this action be dismissed pursuant to Federal Rule of Civil Procedure 41(b).

/////
/////
/////
/////
/////
/////
/////
/////

1	These findings and recommendations are submitted to the United States District
2	Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty
3	days after being served with these findings and recommendations, any party may file written
4	objections with the court and serve a copy on all parties.  Such a document should be captioned
5	"Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised
6	that failure to file objections within the specified time may waive the right to appeal the District
7	Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
8	DATED: January 30, 2007.

_____
U.S. MAGISTRATE JUDGE

levi0910.46fr

4